Counsel, you may proceed. Thank you, Your Honors. Good morning. Mary Derby on behalf of Mr. Alan David Nixon, who I was hoping he was hoping to be here. I don't know if his health is preventing that, but he was supposed to be here. Anyway, we are here regarding a wonderful man who has undergone a Kafkaesque experience due to our federal government. This is not a kid who wants to just use his medical marijuana card to party or to get high. He's a 64-year-old man who's undergone six back surgeries. He has screws and pins in his back. He has undergone heart attacks, stints, several operations, and as a consequence, he has unbearable chronic pain, real pain. He's really a really nice man. Are his medical records in the record? Yes, they are, and they're in the PSR, which the probation officer explained in the PSR that she reviewed all of those medical records. Could you point me to where those actual records are? Like, are they attached to the PSR? No, they are not. It's just that they were reviewed. The PSR, the probation officer said she reviewed those documents. So the answer, then, is that the medical records themselves are not in the record. They're not in the record. However, at the hearing on the probation modification, I did express, and it's in my briefs, where if the district court were unsatisfied with the medical findings, that I wanted to have a hearing and bring in his doctors, and the court never took me up on that. But I want to make sure I understand what this appeal is, then, because the arguments you're making, it makes sense to me why you'd be making them, but that would be challenging the district court's decision to impose the condition on the facts, whereas in the briefing it was about how the Justice Department and Mr. Lally and his team are prohibited from basically sitting on that side of the room today. And that's different from the pain he's in. So I want to make sure we frame the argument on if Mr. Lally has the power to sit at that table here today. Right. And it's just that the facts are so compelling that I have more facts than I do law. Here's another fact. His probationary condition is what's standing in his way. Is that right? That's correct. And that expires on November 4th of this year, less than 30 days. Am I right about that? Correct. So isn't this teetering on the brink of becoming absolutely moot? Yes, it is. And why are we here? Yeah, exactly. Because it's wrong. And as defense counsel and as my client, if you look at. . . What's wrong? It's wrong. What is it? Okay, this is wrong, that the court felt it had no power, based upon the arguments of the government, to modify the probation or to even terminate probation early because it was federal law, the Controlled Substance Act applies, period, in federal court. However, now we have the 542, the Appropriations Act. That prevents the Justice Department from doing things, right? Right. This was the court in the probation office that did this. Yes. You know, I mean, if I can go back to Brendan Sullivan 30 years ago, the United States Attorney was like a potted plant. Well, the problem is this. Look what position it puts, like McIntosh, what it puts defense counsel, the courts, clients in. Let's say right now, instead of trying to be a law-abiding citizen and seek a modification of his probation, he decides, look, I'm in too great a pain. I am going to smoke some marijuana. He tests positive. Under McIntosh, the prosecution cannot appear. They cannot expend any funds in prosecuting that new violation. But it's not a prosecution, though. I mean, this is the court determining whether or not the defendant has followed the terms of the court's sentence. It's not a prosecution. How can you prove the violation?  No. They have to subpoena. Who's going to bring in subpoena the witnesses from the testing, you know, the scientific lab? Who's going to present that evidence? You're putting the court in the position that it has to prosecute its own violations. Yeah, you're describing a probation violation situation that I just don't remember. The probation department always carried the water on those things. They'd report that to the court, and away we go. They make a motion. They certainly bring the report. Exactly, exactly. But if a defendant challenges the report saying, hey, I disagree with that report, then you have a hearing. So you have to have a hearing where the prosecutor presents evidence, and you make your arguments, and the court rules on that evidence. You can't do that without a prosecutor. But the action is initiated by the court through the probation office. It's not initiated by the prosecutor. That's true. But then how do you litigate the violation? Aren't you asking a hypothetical situation? You're trying to help your client with this hypothetical that didn't really happen here, because as I understand it, you said in this case that the prosecutor had to be there. So why have you not waived the argument in your case that the prosecutor couldn't be there? In this case, it came about initially through he ended up admitting the violation because his medical marijuana card had lapsed. So he was not in strict compliance with California law. He is now and even has another medical marijuana card because of the disclosure about Dr. Rose. So we are in a really narrow situation because he did admit we're on just the modifications of probation. And there were no subpoenas or any of the hypothetical stuff that you're talking about. I'm sorry? He just admitted it. That's it. It was over. Right. Well, he admitted it. But let's say. But let's say doesn't make any difference in your case. Right. Why do you have standing to start on with the let's say and the hypothetical? Because Mr. Nixon wants to be able to follow the law. But he also wants to have not have all the incredible side effects that he's experiencing due to having to be on morphine. But so. So as I understand your claim, it really this issue of whether he could somehow not be in pain and yet be in compliance seems to me much more like an Eighth Amendment claim than like something about the appropriations. Right. It is. Yes, I think. And I did raise that. But my but my issue is, did you raise an Eighth Amendment claim in the district court? Well, I said cruel. I said it was very cruel and callous. Did I actually. I mean, did you make. Did you make any kind of Eighth Amendment challenge to his probation based on his medical records? No, I did not brief Eighth Amendment claims. But the one thing that I would request this court do is remand it because I believe the district court did not have the exercise its discretion. But how can we say it didn't exercise its discretion when you didn't ask it to really? So, I mean, it seems to me you're only kind of colorable argument now is this Eighth Amendment one. But because it wasn't raised below, we're on plain error. There's no law with this kind of claim that we can use to say it was plain error. I mean, you're kind of in a procedural box now that I'm not sure what the basis for the remand would be. And if you think that a remand is going to get something done before November, that's not going to happen. Period. Quickest way to be to make a final motion in the district court to modify the conditions in some way. An emergency. Again? I mean, I suppose I could. Yes. It might be faster than coming up here, I would think. If you're really worried about timeliness, usually you can give it an emergency. It depends on the judge's schedule, et cetera. But probably faster than this. Yes. But the reason why I think the court should. Don't go tell them we told you you could. What I think. I think what was not raised below, or was raised below, but I don't think the court considered, was that the conditions of probation must provide defendants with needed medical care in the most effective manner. And that's under the rules of probation. The court felt it had no discretion, that it must impose no use of marijuana based upon the government's arguments. I think this court should remand it, saying that, look, the prosecutor cannot appear. He can't argue. He can't file any briefs. Can't do anything. And the court should exercise its discretion under the proper rules of probation, that it does have discretion. Because the district court, I believe, felt it had no discretion, that it could not modify the probation. If the prosecutor showed up, how do we know the prosecutor would be enforcing the marijuana laws rather than enforcing a probation condition? That is something I didn't consider. But it would be. That is a good point. Because you're right. It is talking about conditions of probation. Because I don't think it would really be a prosecution. It would be enforcing a probation violation. Based on my experience, a lot of prosecutors don't want to show up at these things. Oh, they do. I'm not sure in this case. Mr. Lally certainly did. But anyway, thank you very much. Thank you, Counsel. Mr. Lally? Good morning. May it please the Court, Kevin Lally on behalf of the United States. Here's why a remand would be futile. Six weeks ago, this Court in McIntosh reaffirmed two basic precepts relating to the Controlled Substances Act. First, that the Controlled Substances Act proscribes the manufacture, distribution, and possession of marijuana. And second, which is sort of a corollary to that, that anyone who possesses, manufactures, or distributes marijuana, a Schedule I controlled substance, commits a federal crime. 18 U.S.C. Section 3563A mandates that when a probationary sentence is imposed, that the court must impose as a condition of that probation restrictions that the defendant not commit any new federal crimes and that the defendant not unlawfully possess a controlled substance. So the court doesn't have an option in this instance, and that is the exact circumstance that the court faced the first time around. The defendant filed a motion to strike those mandatory conditions of probation and did so for the express reason so that the defendant could possess and use marijuana in direct contravention of federal law. The district court then, as it would do on any remand, looked at the law and assessed the law and came to the only conclusion that was consistent with the law, and that was that the request to modify the conditions of probation had to be denied. That ruling was... So what happens on this hypothetical that your opposing counsel was discussing where the district court imposes that condition, the defendant violates it, and then what happens? Then we have the violation hearing as we did before. And your position is that the prosecutor can show up? Absolutely, just as it was before, and for a variety of reasons. But as we argued before and as this Court has noted, this is a probation revocation proceeding. It's a match and we're actually even a step removed. Well, at that point it would be a probation revocation proceeding. With respect to the modification, it's a step removed because it's actually a defendant-initiated request to modify a court-ordered condition. But in the situation with respect to a revocation proceeding, it's a scenario, again, where the conviction is final, the prosecution is final, the court has imposed various conditions of probation, and the court is seeking through the probation office to enforce those. And so that's the first layer of analysis. But the additional layers of analysis... And so you don't think there's a problem with the rider, the appropriations rider, that the violation would be something that otherwise couldn't be prosecuted? Absolutely not. And because, again, as this Court six weeks ago in McIntosh recognized, Section 542 isn't a categorical prohibition against the government participating in marijuana-related cases. No, it is a very, it's of limited applicability. It's limited only in those instances in which the defendant has strictly complied with the applicable state law on the manufacture, use, possession, and cultivation of marijuana. So in scenarios like that, and as was the case in McIntosh, the government, where it does not believe that the defendant has been in strict compliance with state law, has to be able to be present in order to litigate that position. And the McIntosh Court recognized that. The government was present at the argument before the Court, and in its order, this Court specifically sent the matters back on remand for the government to consider whether it was going to proceed, and if so, that the government and the defense were to proceed to an evidentiary hearing to determine the applicability of 542. And that's what would have to happen here. We would have to have a hearing to determine whether or not this case fell within or outside of Section 542. It falls outside. And this is in a scenario like McIntosh, where it's early in litigation, and we don't really know, or it hasn't been litigated, what the actual underlying facts are. Here we have convictions. We have the defendant's admissions at his change of plea. We also have his co-defendant's admissions. And they show rampant violations of state law. The defendant himself filed fraudulent documents in order to secure licensure of the marijuana facility that he was participant of. Those fraudulent documents concealed the involvement of the principal owner, who was a two-time convicted drug trafficker. The operation made $25 million in five years. It was a for-profit drug distribution operation in violation of law. It destroyed documents to conceal the involvement. All these facts led up to the defendant's conviction. But post-conviction, the defendant engaged in the use of marijuana in violation of both federal and state law, because on multiple occasions he used it, including in violation of state law, without a California recommendation card. Then, when he was subject to revocation proceedings federally, and he realized, well, hey, it might be useful for me to at least get a revocation card, was he able to get one from his cardiologist, an individual who had been prescribing him medication at the time? No. Was he able to get the card from his pain management specialist, someone whose entire profession revolves around getting the individual the appropriate medication that that individual needs? No. He essentially went to a pill mill. He went to the marijuana equivalent of a pill mill, a dock-in-the-box, Green Life Medical Systems, LBC 420 evaluations, to a doctor who at the time was in the process of having his license revoked for giving out bogus marijuana recommendation cards. It is a scenario where, was he in strict compliance with the law, with California law? Absolutely not. We would establish that at any hearing that were to arise, and we would be entitled to proceed at those proceedings and to seek the revocation of his probation. So I understand that you think his facts don't support a claim, but do you think anyone could ever have an Eighth Amendment claim based on the need for medical marijuana? But we're here today relating to this particular claim. Yeah, but what's the answer to the question? It's purely hypothetical, but under this scenario, or relating to this particular provision, I would submit no. And as applied to the particular defendant, you're looking at, and I'll assume that the defendant is convicted of a standard narcotics trafficking offense. Those brought by the federal government are typically punishable by life imprisonment, 10-year mandatory minimums. Even if we have something like we did here, where it doesn't have a mandatory minimum offense or isn't quite life, it's still a serious felony where the individual is looking at up to 20 years in prison and significant supervised release to follow. The defendant here faced only a probationary sentence, and one of the conditions, which is a condition that applies nationwide in every single instance, in every single case, regardless of whether or not it's a marijuana case or not, is that he not commit a new federal crime and that he not unlawfully possess a controlled substance. This type of case, as applied to an individual defendant, is not akin to any of the cases that I'm aware of, at least, where courts may have found it on that ground. As we cited in our brief, there are instances where courts have imposed lifetime supervised release in first instances of child pornography. Do you know of any case considering an as-applied Eighth Amendment challenge? To the use of marijuana? I'm not. This would be the first. And as Your Honor recognized, it was only raised on appeal and not below. And then as to the categorical application, again, it's exceptionally rarely applied in situations that are of such gradations of magnitude higher than this that it wouldn't be applicable. So unless Your Honors have any additional questions, the government would simply submit on the fact that the court's determination was firmly within its discretion and should be affirmed. Thank you. The Court also wants to recognize, I believe, Mr. Nixon is now in attendance. And, Mr. Nixon, you may have missed the first part of the argument, but our arguments are available online starting about maybe Monday, if not tomorrow. Your counsel can show you on the Ninth Circuit's website, and you can watch it just as if you were here. Okay? All right. Thank you very much. This matter is submitted.
judges: Trott, Owens, Friedland